Affirmed and Memorandum Opinion filed March 12, 2009








Affirmed and Memorandum Opinion filed March 12, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00322-CR

_______________

 

JOE ROBERT BUSH III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 284th District Court

Montgomery County, Texas

Trial Court Cause No. 07-03-03196-CR

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

A jury
found appellant, Joe Robert Bush III, guilty of the felony of operating a motor
vehicle in a public place while intoxicated, as a third offense.  The trial
court sentenced appellant to five years= confinement.  In a single issue,
appellant argues that the State required him to wear a monitoring device during
trial, in violation of his due process right to the presumption of innocence. 
Because our disposition is based on settled law, we issue this memorandum
opinion and affirm.  See Tex. R. App. P.
47.4.








I.  Factual and Procedural Background

Appellant
was involved in a one-person motorcycle accident.  After he failed field
sobriety tests, he was arrested and subsequently charged with operating a motor
vehicle while intoxicated, as a third offense.  Trial of the guilt/innocence
phase was to a jury.

At the
conclusion of voir dire, the trial court called defense counsel and the
prosecutor to the bench to discuss which venire persons had valid reasons to be
released from jury duty and to entertain challenges for cause.  Defense counsel
challenged Ms. Bratsakis.  The concern was whether appellant=s two previous convictions for
driving while intoxicated would prejudice her to such an extent she would not
follow the law.  The following interaction ensued:

THE COURT:  Ms. Bratsakis, we are going to ask you a
few questions.  You=re still being reported.  This our
microphone.

Mr. Daniels, anything from the State?  It=s Mr. Patterson=s challenge, I guess.  Mr.
Patterson?

MR. PATTERSON:  You had answered a questionCand I=m not sure what that question wasCbut you had indicatedCI think it was two priors, that 
you said basically that you were of the opinion that, kind of like when the guy
said two strikes and you=re out.  And my question is:  Can
you follow the law as to this DWI charge, third, or will that prejudice you to
the point where you agree with I think it was another jurorCit might have been youCthat said two strikes and you=re out, if the State puts on
something?

JUROR BRATSAKIS:  I think the biggest predictor of
anything is history.  If this guy has already been convicted twiceCyou know, I realize this is a small
court, but also the truth is as we are sitting there, long before things are
starting, you can hear your total conversation with your defendant.  The fact
that he=s also sitting there with a
monitoring device, we know those things play into the fact thatC

THE COURT:  Is there anything, thenCMr. Daniels, do you want to ask any
questions?

MR. DANIELS:  No.  I
will agree.

. . .








THE COURT:  I=m going to grant defendant=s motion for cause on [Ms. Bratsakis].

Appellant
did not object to wearing the monitoring device at trial.  No other mention of
it appears of record.

II.  Discussion

Appellant
raises a single issue on appeal:  whether the trial court violated his due
process right to the presumption of innocence by requiring him to wear a
monitoring device during trial. To preserve error for appeal, the record must
show that a party made a timely and specific objection to the trial court.  See Tex. R. App. P.
33.1(a).  Additionally, in cases involving a defendant forced to wear jail clothing during trial, a timely objection is necessary to
establish a constitutional violation.  See Estelle v. Williams, 425 U.S. 501, 512B13 (1976)
(holding, when inmate wore jail attire during trial, his failure to object in
trial court negated the presence of compulsion necessary to establish a
constitutional violation).  Appellant has not argued a different rule should apply to defendants
wearing monitoring devices.

Appellant
did not object to his wearing the monitor or otherwise bring it to the trial
court=s attention.  There is nothing in the
record to indicate its size, where it was worn, why appellant was wearing it,
or whether any other jurors noticed it.  Other than venire member Bratsakis=s comment on the monitor, no other
reference to it appears in the record.  There is nothing to indicate whether
the other jurors heard Ms. Bratsakis=s comment.[1] 
Appellant has not preserved error.  See Tex. R. App. P. 33.1(a).  His lack of objection also results
in his not being able to establish a constitutional violation.  See Williams,
425 U.S. at 512B13.








We overrule
appellant=s sole issue and affirm the judgment.

 

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The record would suggest they did not.  Early in
voir dire, the court told the venire members that, if there was a question they
wanted to answer privately before the attorneys and not the whole group, they
should let the court know and it would allow them to answer that question at
the bench.  The record indicates Ms. Bratsakis was questioned at the bench.